828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Dean PACK, Defendant-Appellant.
 No. 86-6195.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1987.
 
 Before MERRITT and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roger Dean Pack appeals from the district court's denial of his motion, pursuant to 28 U.S.C. Sec. 2255, to vacate his sentence. Pack was charged with possession of a firearm after having been convicted of a felony and was sentenced, pursuant to the dangerous special offender statute of 18 U.S.C. Sec. 3575, to a ten-year term of imprisonment. Pack argues that the district court should have vacated his sentence because he was denied effective assistance of counsel and because he did not knowingly and intelligently plead guilty to the possession of a firearm charge. For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 On August 31, 1983, Pack was indicted by a federal grand jury on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 1202(a)(1) (1982). On September 7, 1983, Pack appeared, with counsel, at arraignment and entered a plea of not guilty to the charge. On September 27, 1983, the United States filed a Notice of Dangerous Special Offender, and the following day, Pack filed a motion for rearraignment. The court granted the motion, and, at his rearraignment, Pack pleaded guilty to the possession charge. The court set October 28, 1983 as the date for sentencing.
 
 
 3
 The court conducted Pack's sentencing hearing on October 28, 1983 and November 9, 1983, and, on November 14, 1983, the court entered its findings of fact and conclusions of law. The court found Pack to be a dangerous special offender within the meaning of 18 U.S.C. Sec. 3575 and sentenced Pack to a ten-year term of imprisonment. Pack appealed his sentence, and, on October 22, 1984, this court affirmed.
 
 
 4
 On February 22, 1985, Pack filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255 arguing that he was denied effective assistance of counsel because: (1) he was primarily represented by an individual not licensed to practice law; (2) his counsel failed to challenge errors in the presentence investigation report; and (3) his counsel failed to assert diminished capacity defenses on his behalf. Pack additionally argued that because his counsel failed to inform him of the maximum possible penalty under the dangerous special offender statute, he did not knowingly and intelligently plead guilty to the possession of a firearm charge.
 
 
 5
 Following an evidentiary hearing on the motion, the United States Magistrate filed a Report and Recommendation suggesting that Pack's motion to vacate be dismissed. He determined that the evidence did not support Pack's allegations that he had been denied effective assistance of counsel. Specifically, the Magistrate found that Andrew Coiner, despite his active role in Pack's case, had not rendered legal assistance to Pack and had not exceeded his role as a law clerk. The Magistrate further reasoned that Pack was fully advised as to the possible maximum sentence which could have been imposed under the dangerous special offender statute and that Pack's attorneys had not erred in failing to challenge two arrests listed in the presentence investigation report or in failing to assert diminished capacity defenses on Pack's behalf.
 
 
 6
 Pack filed objections to the Magistrate's report on September 26, 1986, and on October 29, 1986, the district court overruled his objections and adopted the report as its findings of fact and conclusions of law. This timely appeal followed.
 
 II.
 
 7
 A. Representation by an Individual Not Licensed to Practice Law
 
 
 8
 Relying on Solina v. United States, 709 F.2d 160 (2d Cir.1983),[1] Pack argues that because he was primarily represented by an individual not licensed to practice law he was denied effective assistance of counsel.
 
 
 9
 While Pack's argument might have had merit had Coiner actually rendered legal assistance to Pack, the record amply supports the district court's conclusion that Coiner did not represent or render legal assistance to Pack. Specifically, at the hearing before the Magistrate, Coiner testified that he was hired by the law firm of McBrayer, McGinnis, Leslie and Kirkland as a law clerk in December of 1982, while he was completing his third year of law school. He added that he was first introduced to Pack in August of 1983, in name only and not as an associate of the firm. He states that he was primarily a fact finder for the law firm and had interviewed Pack to ascertain the facts of the case. He testified further that he had given Pack copies of the possession of a firearm and dangerous special offender statutes but never interpreted the law, advised Pack of his options, or suggested a course of action. Coiner further testified that he remembered discussing with Pack the fact that he had taken the bar examination but had not yet received the results.
 
 
 10
 Terry McBrayer then testified at the hearing that Coiner was employed by the firm primarily as a "runner" and a "handholder" to appease both Pack and his family. He added that he personally gathered most of the information in Pack's case and interviewed numerous witnesses. He testified further that Pack was well aware that the firm was awaiting Coiner's bar results.
 
 
 11
 Moreover, Pack testified that he thought Coiner had introduced himself as a member of the firm, but Pack admitted that he could not fully remember what Coiner had told him. Pack also admitted that McBrayer had represented him in court on September 30, 1983, when he pleaded guilty although Coiner also had attended that hearing.
 
 
 12
 The record thus amply supports the district court's conclusion that Pack was not represented by an individual not licensed to practice law, and, accordingly, was not denied effective assistance of counsel on this basis.
 
 
 13
 B. Failure to Raise Defenses and Failure to Challenge Presentence Investigation Report
 
 
 14
 Pack next argues that he was denied effective assistance of counsel because of his attorneys' failure to assert diminished capacity defenses as well as their failure to challenge errors in his presentence investigation report.
 
 
 15
 In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court enunciated a two-pronged analysis for determining when a convicted defendant's representation is so defective that it requires reversal of the defendant's conviction. The two-pronged analysis requires a defendant to show both that his counsel's performance was deficient and his counsel's deficiencies prejudiced his defense in a manner which deprived him of a fair trial. Meeks v. Berger, 749 F.2d 322, 327 (6th Cir.1984). This analysis is adjusted, however, when dealing with a situation where the defendant enters a guilty plea rather than when the defendant is found guilty after a trial. Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.1987). In the context of guilty pleas, the "performance" aspect of the Strickland test remains the same, but the "prejudice" aspect changes. Id. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 370 (1985).
 
 
 16
 In the present case, we detect no deficiencies in counsel's performance. Defense counsel's decision to not assert diminished capacity defenses on Pack's behalf appears to have been a matter of sound trial strategy rather than one of error. Defense counsel Kirkland testified at the hearing that he considered but rejected the possibility of raising diminished capacity defenses such as intoxication and insanity. He believed that such defenses were not sustainable and advised Pack to plead guilty so as not to inflame the sentencing judge and risk a lengthier sentence. Additionally, defense counsel McBrayer testified that he considered raising intoxication as a defense because he was aware Pack was intoxicated at the time he held a handgun to a deputy sheriff's head. He stated that he abandoned such defense, however, after he interviewed numerous eyewitnesses, Pack, and Pack's family and found the evidence lacking. Counsel's decision not to develop the defense of intoxication was therefore apparently a matter of sound trial strategy. As such, this court, pursuant to Strickland, must indulge a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance. Strickland, 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." Id. Under the circumstances of this case, we cannot conclude that such decision was unreasonable.
 
 
 17
 Pack has, moreover, failed to demonstrate that his counsel acted deficiently within the meaning of Strickland, by failing to challenge errors in the presentence investigation report. Pack first asserts that the report enumerated two armed robbery arrests. However, since Pack testified that he was indeed arrested on the specified dates for armed robbery it appears that the report was not in error, and, accordingly, counsel was not deficient in failing to challenge the two arrests. The second alleged error is that the report stated he was reared in a six bedroom home. Since Pack has failed to demonstrate that the sentencing judge relied on this alleged misstatement in his sentencing decision, this alleged error, even if material, cannot constitute grounds for vacating his sentence. See, e.g., Jones v. United States, 783 F.2d 1477, 1480 (9th Cir.1986) (where a petition to vacate sentence pursuant to 28 U.S.C. Sec. 2255 rests on grounds of materially false sentencing information, sentence will be vacated on appeal only if the challenged information is demonstrably the basis for the sentence).
 
 
 18
 Because the record supports the district court's conclusion that Pack's defense counsel did not act deficiently by failing to assert diminished capacity defenses or by failing to challenge the presentence investigation report, we must affirm the district court's refusal to vacate Pack's sentence based on this argument.
 
 C. Involuntary Guilty Plea
 
 19
 Finally, Pack argues that the district court should have vacated his sentence on the ground that he did not knowingly or voluntarily plead guilty to being a convicted felon in possession of a firearm. Pack contends that his plea was involuntary because his counsel failed to inform him of the maximum sentence possible under the dangerous special offender statute and because his counsel had assured him that an out-of-court agreement had been reached between the sentencing judge and defense counsel to impose a more lenient sentence.
 
 
 20
 We first note that the record is devoid of any supporting evidence that an agreement had been effected between the court and defense counsel. Defense counsel McBrayer testified at the hearing before the Magistrate that he most probably told Pack that the firm had a rapport with the trial court because Kirkland had worked as an assistant United States Attorney for six years. He added, however, that the firm was also aware of the trial court's strict view of defendants who had committed crimes involving police officers. In an affidavit, defense counsel Kirkland stated that he told Pack he would make the best possible effort to convince the trial court that, at age 41, Pack was no longer dangerous. He added, however, that he never guaranteed Pack a successful outcome. The record further indicates that Pack, at his sentencing hearing, indicated to the court that he was freely and voluntarily pleading guilty and that his plea was not entered as the result of any representation or promise made or extended to him by any person. The record thus fails to support Pack's contention.
 
 
 21
 Second, there is also no support for Pack's contention that his counsel failed to inform him of the maximum possible sentence he could receive under the penalty enhancement provision of the dangerous special offender statute. Defense counsel McBrayer testified at the hearing before the Magistrate that he discussed the dangerous special offender statute with Pack and that Pack never told him that he did not understand it. Additionally, at Pack's sentencing hearing, McBrayer advised the district court that he explained to Pack that although the sentence for possession of a firearm might be a term of imprisonment of not more than two years, the court in its discretion could enhance the term under the dangerous special offender statute. Further, when Pack informed the court at the sentencing hearing that he did not fully understand the statute, the court proceeded to explain that the dangerous special offender statute allows a court to impose a sentence of not more than 25 years and not disproportionate in severity to the term otherwise authorized by law for the underlying felony. The court then explicitly reiterated that Pack could receive up to a 25-year sentence. Pack responded that he now understood the statute. Thus, this evidence supports the district court's finding that Pack was fully advised as to the length of sentence he could receive and was, therefore, not rendered ineffective assistance of counsel on this basis.
 
 
 22
 Accordingly, the judgment of the district court is AFFIRMED.[2]
 
 
 
 [1]
 In Solina, the Second Circuit Court of Appeals determined that the Sixth Amendment right to effective assistance of counsel connotes representation by a licensed practitioner of law. The court consequently vacated the conviction of a defendant who, unbeknown to the defendant, was represented by an individual who had graduated from an accredited law school but who had twice failed the New York bar examination and who had never been admitted to any other bar. Solina, 709 F.2d at 166-67. See also United States v. Mouzin, 785 F.2d 682, 697-99 (9th Cir.), cert. denied, 107 S.Ct. 574 (1986)
 
 
 [2]
 We express no opinion as to the validity of the process by which defendant was charged and his sentence was enhanced pursuant to the dangerous special offender statute, because this issue was never raised or briefed by the parties. See McMillan v. Pennsylvania, 106 S.Ct. 2411 (1986)