993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ALFREDO OCHOA-OCHOA, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
HOLMES OCHOA-VICTORIA, Defendant-Appellant.
 Nos. 92-55980, 92-55981.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 11, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoners Alfredo Ochoa-Ochoa and Holmes Ochoa-Victoria appeal pro se the district court's denial of their habeas petitions pursuant to 28 U.S.C. § 2255,[1] challenging their sentences for conspiracy to and possession with intent to distribute a narcotic drug controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Ochoas contend the district court should resentence them because they did not have sufficient opportunity to review the presentence reports, which contained prejudicial statements. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 At the time of the Ochoas' sentencing, Fed.R.Crim.P. 32(a)(1)(A) provided in relevant part that: "Before imposing sentence the court shall determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report." If a criminal defendant properly presents an allegation of factual inaccuracy, the sentencing court is "required either to make a finding as to the accuracy of the challenged factual proposition or to indicate that the court is not taking it into consideration." United States v. Garfield, No. 92-35233, 2069, 2076 (9th Cir. March 8, 1993) (citations omitted). Nonetheless, the defendant waives his right to attack a presentence report through a 28 U.S.C. § 2255 motion where the defendant has had an opportunity to review the report and did not object before sentencing. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990) (citing United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981) (petitioner must raise the issue either contemporaneously or on direct appeal)). A defendant, who fails to raise an issue at trial or on direct appeal, must demonstrate: "(1) cause excusing his double procedural default, and (2) 'actual prejudice' resulting from the error from which he complains." United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985) (citing United States v. Frady, 456 U.S. 152, 168 (1982)). To vacate his sentence a defendant, who alleges incorrect sentencing information, must prove the district court in sentencing him relied on information that is "(1) false or unreliable and (2) demonstrably made the basis for the sentence." Jones v. United States, 783 F.2d 1477, 1480 (9th Cir.1986).
 
 
 4
 The Ochoas contend that the district court erred in not vacating their sentences because they do not speak English and did not understand the presentence reports; that the reports were not disclosed to them so that they had sufficient time to understand them; that the reports contained prejudicial statements; and that the government improperly failed to disclose its sentencing memorandum prior to sentencing. The record shows that an interpreter was present on behalf of the Ochoas at their sentencing hearing. Defense counsel advised the court that their clients had had the opportunity to review the presentence reports. The district court directly asked both Holmes and Alfredo if they had any statement to make prior to sentencing, and both merely commented that they were grateful for the court's considered attention to their respective cases. Furthermore, petitioners do not deny that they failed to raise these issues in a timely fashion prior to sentencing or on direct appeal from their convictions and sentencing, and therefore implicitly acknowledge their procedural default in the matter. See Keller, 902 F.2d at 1393.
 
 
 5
 The Ochoas, therefore, must establish that their sentences were demonstrably based on false or unreliable information. See Jones, 783 F.2d at 1480. The Ochoas fail to point to any specific inaccuracy in the presentence reports other than Alfredo's assertion that his personal history was "erroneously depicted" and Holmes's claim that he was the "victim of inflammatory editorializing and snide innuedos." The Ochoas also fail to establish any procedural errors in the sentencing hearing. Finally, the district court sentenced both of the petitioners to the minimum mandatory ten years imprisonment prescribed by law, see 21 U.S.C. §§ 841 and 846; therefore no change made in the presentence report would change the Ochoas' sentences. For all these reasons the district court did not err in denying the Ochoas' motions to vacate their sentences.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court construed appellants' "Motion Pursuant to the Provisions of Rule 32--Federal Rules of Criminal Procedure" as a motion to vacate sentence brought under 28 U.S.C. § 2255