999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Humberto VALENCIA, Defendant-Appellant.
 No. 92-56606.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 14, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Humberto Valencia, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Valencia contends he received ineffective assistance of counsel at sentencing because his attorney failed to seek a downward adjustment on the basis of Valencia's alleged minor role in the offense. This contention lacks merit.
 
 
 4
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 5
 Here, the transcripts of the sentencing hearing show that defense counsel did seek a downward adjustment for Valencia's alleged minor role in the offense. Additionally, defense counsel argued that Valencia was not a leader or supervisor in the offense, and that the pre-sentence report was in error to the extent that it characterized Valencia as a "ringleader." The district court agreed with defense counsel, and did not adjust Valencia's sentence upward on the theory that Valencia was a leader or supervisor. The district court, however, did not make a downward adjustment because there was insufficient evidence in the record to show that Valencia's role in the offense was minor. Nevertheless, Valencia's attorney did all that was asked of him. Thus, Valencia's claim of ineffective assistance of counsel fails because Valencia has not shown that counsel's performance was deficient. See id. at 687.
 
 
 6
 Further, to the extent that Valencia contends that his sentence should be vacated because information in the pre-sentence report was misleading, this contention also lacks merit.
 
 
 7
 "Where a § 2255 [motion] alleges reliance on materially false sentencing information, the sentence will be vacated on appeal only if the challenged information is (1) false or unreliable and (2) demonstrably made the basis for the sentence." Jones v. United States, 783 F.2d 1477, 1480 (9th Cir.1986) (quoting Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc).
 
 
 8
 Here, the district court did not rely on any potentially misleading information in the pre-sentence report because it specifically rejected the theory that Valencia played a leadership role in the offense. Therefore, the district court did not err by denying Valencia's § 2255 motion. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3