45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Darrell Wade SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-35442.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Wade Smith, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 petition. Smith was convicted pursuant to a guilty plea of three counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a) and was sentenced to 100 months imprisonment. Smith contends that he received ineffective assistance of counsel because his trial counsel failed to discuss the presentence report with him and adequately to challenge the inaccuracies in the presentence report. We have jurisdiction under 28 U.S.C. Sec. 2255 and review de novo a district court's denial of a 28 U.S.C. Sec. 2255 petition. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We affirm.
 
 
 3
 To establish ineffective assistance of counsel, the habeas petitioner must show that defense counsel's performance was "outside the wide range of professionally competent assistance" and that the incompetent performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Incompetent performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.; see also Jones v. United States, 783 F.2d 1477, 1482 (9th Cir.1986) (counsel's failure to review presentence report with client may fall below the standard of competent representation). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687; see also Farrow v. United States, 580 F.2d 1339, 1361 (9th Cir.1978) (en banc) (defendant not prejudiced where inaccuracies in the presentence report were rebutted by inclusion of defendant's version of the event in the same report and by the defense counsel's argument at sentencing).
 
 
 4
 Smith alleges that his trial counsel failed to discuss the presentence report with him[1] and to present to the court the inaccuracies in the presentence report. Smith's allegation is refuted by the record. Smith's trial counsel, Colleen B. Scissors, stated in her affidavit that she "spoke with Mr. Smith about the [presentence] report, and we agreed to the objections set forth in my letter to United States Probation Officer." The record also contains a letter from Scissors to Smith, enclosing the presentence report and asking Smith for comments on the presentence report. Additionally, Scissors wrote to the United States Probation Officer, objecting to the inaccuracies in the presentence report, and addressed a passionate letter to the sentencing court, arguing that Smith's criminal history score overrepresented the nature of his criminal conduct. Scissors's performance cannot be said to fall "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 687; cf. Jones, 783 F.2d at 1482.
 
 
 5
 Even assuming the truth of Smith's allegation, no prejudice resulted. At sentencing, the court had the presentence report with the addendum detailing Smith's objections, and Scissors again urged the court not to follow the presentence report's recommendation. See Strickland, 466 U.S. at 687; Farrow, 580 F.2d at 1361.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith submitted his affidavit and prison records to show that he did not meet with Scissors at his detention center
 
 
 [2]
 The Sentencing Guidelines range for Smith's conviction is 84 to 105 months. The United States Probation Officer recommended a sentence of 105 months, while the government recommended a sentence of 100 months