46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo Amador HUITRON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-55805.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo A. Huitron, a federal prisoner, appeals pro se the district court's summary denial of his habeas corpus petition pursuant to 28 U.S.C. Sec. 2255. Huitron pled guilty to thirteen criminal charges related to distribution of cocaine and was sentenced to 108 months imprisonment.[1] Huitron contends that (1) he was deprived of a meaningful opportunity to review the presentence report prior to his sentencing in violation of Fed. R. Crim. P. 32(c)(3)(A); (2) his due process rights were violated because he received no assistance of an interpreter during certain proceedings; (3) his attorney rendered ineffective assistance; and (4) the district court relied on erroneous information when imposing his sentence. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255 and affirm.
 
 
 3
 We review de novo the district court's denial of a 28 U.S.C. Sec. 2255 petition. Gonzalez v. United States, 33 F.3d 1047, 1048 (9th Cir. 1994). A summary denial of a petition's habeas petition is inappropriate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see also Blackledge v. Allison, 431 U.S. 63, 75-76 (1977) (vague and palpably incredible or frivolous allegations warrant summary dismissal of a habeas corpus petition). We construe Huitron's pro se petition liberally. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Chacon v. Wood, 36 F.3d 1459, 1465 (9th Cir. 1994).
 
 
 4
 A. OPPORTUNITY TO REVIEW THE PRESENTENCE REPORT
 
 
 5
 Huitron contends that he received the presentence report only 45 minutes before sentencing, violating Fed. R. Crim. P. 32(c)(3)(A).[2]
 
 
 6
 The district court's failure to comply with the formal requirements of Fed. R. Crim. P. 32 is usually not challengeable by a writ of habeas corpus unless there is "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962) (collateral review not available for alleged violation of Fed. R. Crim. 32(a)).
 
 
 7
 Huitron did not raise this contention in his direct appeal. Since Huitron complains that the district court failed to comply with the letter of Fed. R. Crim. P. 32, a 28 U.S.C. Sec. 2255 petition is not an appropriate means. See Hill, 368 U.S. at 428.
 
 B. ASSISTANCE OF AN INTERPRETER
 
 8
 Huitron contends that his due process rights were violated because he was deprived of the assistance of an interpreter at the presentence investigation interview and during his discussion with his attorney about the presentence report. His contention lacks merit.
 
 
 9
 Use of interpreters in a particular proceeding is "a matter for the district court's discretion." Gonzalez, 33 F.3d at 1051. An interpreter shall be used to assist a non-primary English speaker when his language skills "are so deficient as to inhibit comprehension of the proceedings." Id. at 1050 (quotations omitted); see also Court Interpreters Act, 28 U.S.C. Sec. 1827.
 
 
 10
 Here, an interpreter appeared to be available. There is no indication that Huitron ever requested the assistance of an interpreter. Moreover, the record does not indicate that Huitron's language skill was so deficient to inhibit his understanding during the presentence investigation interview or the discussion of his presentence report. Huitron has been a legal resident of this country for twenty years and attended high and vocational training schools in this country. Although he expressed his discomfort with speaking English in the courtroom, Huitron noted that he could read, write, and communicate in both English and Spanish. Thus, the absence of an interpreter in those proceedings did not violate Huitron's due process rights. See Gonzalez, 33 F.3d at 1050-51.
 
 
 11
 C. SENTENCING BASED ON UNRELIABLE INFORMATION
 
 
 12
 Huitron contends that his due process rights were violated because the district court sentenced him as a leader of the criminal activity based upon erroneous information.
 
 
 13
 A defendant's due process rights are violated if the sentencing court relied on materially false or unreliable information. See United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir. 1989) (per curiam). The defendant must establish that the challenged information is "(1) false or unreliable and (2) demonstrably made the basis for the sentence." Jones v. United States, 783 F.2d 1477, 1480 (9th Cir. 1986) (sentence is not demonstrably based on alleged false information in presentence report because trial testimony could justify the sentence).
 
 
 14
 Huitron listed numerous errors in the presentence report and submitted an affidavit from one of his codefendants to rebut his leadership role. However, the district court did not demonstrably rely on the alleged false information in sentencing Huitron. Rather, the district court adopted the government's argument, which emphasized the evidence produced at trial. Thus, Huitron fails to show a violation of due process under these circumstances. See id.
 
 D. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 15
 To establish ineffective assistance of counsel, the defendant must show that the defense counsel's performance was "outside the wide range of professionally competent assistance" and that the incompetent performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Mere conclusory allegations are insufficient to prove that counsel was ineffective. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 16
 Huitron contends that his counsel was incompetent because he failed (1) to familiarize himself with the presentence report in advance; (2) to verify the information contained in the presentence report and to challenge the inaccurate information in the report; (3) to present mitigating evidence at the sentencing hearing; (4) to challenge government's manipulation of Huitron's sentence; and (5) to provide him with sufficient notice of the four-level sentencing enhancement for his leadership role. However, Huitron's allegations are either contrary to the record or conclusory. The record indicates that Huitron's counsel reviewed the presentence report and communicated with Huitron prior to the sentencing hearing.[3] At the sentencing hearing, counsel argued about Huitron's role in the criminal activity and his acceptance of responsibility and urged the sentencing court to consider Huitron's age, history, and circumstances when it imposed Huitron's sentence. Further, Huitron offers no evidence to show and our review of the record does not indicate that the government had manipulated the sentencing process. See Shah, 878 F.2d at 1161. Lastly, even if we assume that counsel failed to provide Huitron with sufficient notice of the sentencing enhancement, Huitron was not prejudiced. See United States v. Wilson, 7 F.3d 828, 837-38 (9th Cir. 1993) (due process requires notices of and an opportunity to be heard regarding a sentence enhancement), cert. denied, 114 S. Ct. 2151 (1994). Huitron's counsel argued vigorously that Huitron could not be a leader in the criminal activity. Accordingly, Huitron fails to establish a claim of ineffective assistance of counsel. See Strickland, 466 U.S. at 687.
 
 
 17
 Since our de novo review of the record shows that Huitron was not entitled to habeas relief, we affirm the district court's summary denial of Huitron's habeas petition. See Blackledge, 431 U.S. 75-76; Gonzalez, 33 F.3d at 1048.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Huitron entered his guilty plea after several days of trial. Huitron previously filed a direct appeal of his sentence. The appeal was denied. See United States v. Huitron, No. 91-50252, unpublished memorandum disposition (9th Cir. Dec. 14, 1992)
 
 
 [2]
 Rule 32(c)(3)(A) states that the district court shall provide the defendant or his counsel with a copy of the presentence report "[a]t least 10 days before imposing sentence, unless this minimum period is waived by the defendant." Fed. R. Crim. P. 32(c)(3)(A). Huitron's counsel stated that he had mailed a copy of the presentence report two weeks before the sentencing hearing. At the sentencing hearing, Huitron claimed that he had not received the presentence report. The district court recessed for approximately forty minutes to allow Huitron and his attorney to review the presentence report
 
 
 [3]
 Huitron's counsel stated that he had talked to Huitron many times over the phone after the plea. However, the record is unclear as to whether they had discussed the presentence report in particular during those conversations