122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vache NERCESSIAN, Defendant-Appellant.
 No. 96-56722.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Southern District of California, Nos. CV-95-01213-RMB, CR-93-1103-2-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Vache Nercessian appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence for his conviction of conspiracy to commit wire-fraud in violation of 18 U.S.C. §§ 371 and 1343. Nercessian contends that his due process rights were violated because his sentence was based on an addendum to the presentence report ("PSR") that was materially false. Nercessian also contends that he received ineffective assistance of counsel because both his trial and appellate counsels failed to challenge the veracity of the information in the addendum to the PSR. We have jurisdiction pursuant to 28 U.S.C. § 2255, review de novo, see Jones v. United States, 783 F.2d 1477, 1479 (9th Cir.1986), and affirm.
 
 
 3
 In order to show a due process violation in sentencing a petitioner must show that the challenged information is materially false or unreliable and demonstrably made the basis for the sentence. See Jones, 783 F.2d at 148C; Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (En banc) ("In the context of a § 2255 proceeding, a motion must be denied unless it affirmatively appears in the record that the court based its sentence on improper information.") (emphasis omitted).
 
 
 4
 Here, Nercessian failed to show that the information in the addendum to the PSR was materially false or unreliable so as to constitute a due process violation.[1] See Jones, 783 F.2d at 1480. Because Nercessian failed to show the information in the addendum was inaccurate, he failed to show any prejudice which his attorneys could have prevented. Consequently, Nercessian failed to show his attorneys' assistance was ineffective. See Strickland v. Washington, 466 U.S. 668, 697; Lewis v. United States, 880 F.2d 243, 246 (9th Cir.1989).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this, case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government argues that Nercessian waived the right to attack the accuracy of the addendum to the PSR by failing to raise the issue at sentencing or on direct appeal. Because the district court reached the merits of Nercessian's claim, we do the same. See, e.g., Jones, 783 F.2d 1480 n. 7