129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo ESTORES, Defendant-Appellant.
 No. 96-16420.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 23, 1997.
 
 MEMORANDUM*
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 Eduardo Estores appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and sentence for conspiracy to import methamphetamine. We review de novo the district court's denial of Estores's section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 A. Amount of Methamphetamine
 
 2
 Estores contends that his due process rights were violated because his sentence was based or unreliable information in the presentence report ("PSR")[1]
 
 
 3
 In order to show a due process violation in sentencing a petitioner must show that the challenged information is materially false or unreliable and demonstrably made the basis for the sentence. See Jones v. United States, 783 F.2d 1477, 1479 (9th Cir.1986); Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc) ("In the context of a § 2255 proceeding, a motion must be denied unless it affirmatively appears in the record that the court based its sentence on improper information.") (emphasis omitted).
 
 
 4
 Here, Estores has proffered no evidence indicating that the information in the PSR was materially false or unreliable so as to constitute a due process violation. See Jones, 783 F.2d at 1479. Estores pleaded guilty to possession of 286 grams of methamphetamine and did not dispute or object to the amount of methamphetamine calculated in the plea agreement or the PSR. Thus, the district court did not err in concluding that at least 100 grams of methamphetamine was involved. See Jones, 783 F.2d at 1479; Farrow, 580 F.2d at 1359.
 
 B. Waiver
 
 5
 Estores next contends that the sentencing court failed to make sufficient findings that he was responsible for relevant conduct under U.S.S.G. § 1B1.3, and erred by refusing to depart downward from the statutory minimum based on his minor participation and acceptance of responsibility. Because Estores failed to raise these nonconstitutional sentencing errors at sentencing or on direct appeal, they are waived. See United States v. Schlesinger, 49 F.3d 483, 48.5 (9th Cir.1994).
 
 C. Ineffective Assistance of Counsel
 
 6
 Estores contends that his counsel was ineffective for misstating the likely outcome of the plea agreement and providing erroneous advice on the effects of going to trial.
 
 
 7
 To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 8
 The plea agreement, signed by Estores, expressly stated that "Estores understands that the maximum sentence ... is life incarceration, with a mandatory minimum of ten (10) years imprisonment...." At sentencing, defense counsel, with Estores and an interpreter present, expressly stated that he and Estores discussed the plea agreement "at length," and that it had also been translated for Estores. Also, when asked if he would like to say anything on his behalf, Estores responded negatively. Accordingly, Estores has failed to show that counsel's performance fell below the objective standard of reasonableness. See Strickland, 466 U.S. 687.
 
 
 9
 Estores further contends that because of his unique cultural background and lack of knowledge of the legal system, his counsel was ineffective for failing to spend extra time with him.
 
 
 10
 Estores has provided no support for his claim. Consequently, Estores has failed to show his attorney's assistance was ineffective. See id.
 
 D. Evidentiary Hearing
 
 11
 Because Estores's claims are without merit, the district court did not abuse its discretion by failing to hold an evidentiary hearing. See United States v. Frazer, 18 F.3d 778, 781 (9th Cir.1994).[2]
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Estores's requests for appointment of counsel and oral argument are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government argues that Estores waived the right to attack the accuracy of the PSR by failing to raise the issue at sentencing or on direct appeal. Because the district court reached the merits of Estores's claim, we do the same. See, e.g., Jones, 783 F.2d 1480 n. 7
 
 
 [2]
 We decline to consider Estore's contention that he was entitled to a reduction pursuant to the "safety valve" provision, or his other ineffective assistance of counsel claims raised for the first time in this appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)