UNITED STATES of America,
Plaintiff-Appellee,

v.

Rubin Boris SCOTT,
Defendant-Appellant.

No. 74–3994.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.

466

David J. Dennis, New Orleans, La. (Court-appointed), for defendant-appellant.

Gerald Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

Rubin B. Scott, the defendant-appellant, was convicted by a jury under 18 U.S.C. § 2113(a), (d) and (2) for armed robbery of the First National Bank of Commerce in St. Bernard, Louisiana. On this appeal, he attacks (1) the district court's reconsideration and reversal of its previous order to suppress, (2) the government's failure to make pretrial disclosure of a witness' statements, and (3) the court's exclusion of certain hearsay testimony. We affirm.

Within an hour of his arrest, Scott confessed to members of the New Orleans Police Department. In the course of interrogations conducted over the next three days, he made two additional confessions to FBI agents. At the time of Scott's arraignment, he alleged that he had been the subject of police brutality and, before trial, filed a motion to suppress the three statements made to law enforcement officials on the ground that they had been obtained by coercion in violation of Fourth, Fifth, Sixth, and Fourteenth Amendment rights. After a hearing on the motion, the district court ordered all three statements suppressed, finding that the "totality of the circumstances surrounding the arrest and questioning of the defendant indicate[d] an intention on the part of law enforcement officers to intimidate the defendant from the time of his arrest."

Five months later, upon the government's motion for reconsideration of that ruling, the trial judge reversed its earlier decision to suppress the three statements. He rejected the "totality of the circumstances" test he had previously used to determine the admissibility of the statements, concluding that each statement must be considered separately,

and its voluntariness determined by events occurring before it was made. Using this test, the court found that the first two statements had been voluntarily made, and therefore reversed its order as to these two statements. The third statement remained suppressed.

In his first ground for error, Scott alleges that the district court erred in reconsidering and subsequently reversing in part its original order to suppress the three statements. He argues first that 18 U.S.C. § 3731, granting the government the right to appeal such an order, is an exclusive remedy. Second, he contends that the failure of the trial court to grant a hearing on the government's motion to reconsider constitutes reversible error. Both arguments are without merit.

■ The appellant presents neither controlling precedent nor persuasive policy arguments to support his position. The district court had continuing jurisdiction over the case and was free to reconsider its own earlier decision. A careful reading of the transcript, not available at the time of the first ruling, convinced the trial judge that his earlier ruling was incorrect and accordingly he reversed. The failure to hold a hearing was entirely proper, since there was no new evidence to be presented by either party.[1]

In *United States v. Koenig*, 5 Cir. 1961, 290 F.2d 166, 173–74, aff'd sub nom., *Di Bello v. United States*, 1962, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614, this Court stated: "[t]he trial judge having control over the conduct of a trial is not bound [by a previous ruling on a motion to suppress], if in the exercise of a sound discretion he should decide that exceptional circumstances require the admission of the evidence." Here, the decision to reconsider the motion to sup-

press was clearly in the trial court's discretion, and we find no abuse in the decision to reverse part of that order.

This case is distinguishable from *McRae v. United States*, 1969, 137 U.S. App.D.C. 80, 420 F.2d 1283 on several grounds. For example in *McRae* a trial judge admitted evidence previously ordered suppressed by a *different* judge at a pretrial hearing. The Court of Appeals concluded that the government was attempting to present the same issues to a second judge in the hope that a differently phrased recital of the facts would produce a different ruling. The court stated clearly that it was not attempting to establish fixed standards to govern all government requests for a new hearing before the trial judge.

■ The second claim of error is that the government failed to reveal before trial, at defense counsel's request, evidence that a government witness had had difficulty identifying Scott when viewing photographs and a lineup. This, Scott contends, constituted a violation of the prosecution's duty to provide the defendant with all evidence likely to exculpate him, in accordance with the rule announced by the Supreme Court in *Brady v. Maryland*, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. In making this argument, however, the appellant ignores the Jencks Act, which clearly prohibits the discovery of statements of government witnesses until *after* they have testified. 18 U.S.C. § 3500. This Court and others have recognized that the rule announced in *Brady* is not a pretrial remedy and was not intended to override the mandate of the Jencks Act. *United States v. Frick*, 5 Cir. 1973, 490 F.2d 666; *United States v. Montos*, 5 Cir. 1970, 421 F.2d 215; *United States v. Regan*, 2 Cir. 1974, 503 F.2d 1, 3 at fn. 1. Moreover, in *Montos v. United States*, 5

---

1. The appellant cannot now complain that he was without notice that the judge was reconsidering his earlier ruling. The government's memo in support of its motion was served on

defense counsel, and he had ample opportunity to request a hearing or to file his own memorandum in opposition.

Cir. 1970, 421 F.2d 215, *cert. denied*, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532, where the defendant challenged as violative of *Brady* the government's failure to make pretrial disclosure of conflicting statements of government witnesses, Judge Goldberg, for this Court, held such statements squarely within the Jencks Act and thus not subject to pretrial discovery. There, as here, the defendant's right to impeach the witness was fully satisfied by the opportunity for cross-examination. Our decision in *Harris* firmly supports the conclusion that the government's failure to produce the witness' statements before trial did not result in a violation of the appellant's constitutional rights.

 Scott's third ground of error charges the trial judge with an abuse of discretion in refusing to permit the magistrate before whom he was arraigned to testify to the circumstances of the arraignment and to recount the statements Scott and his attorney made to the magistrate. The latter statements were clearly hearsay and properly excluded. Scott also complained that the magistrate was not permitted to testify concerning the delay in his arraignment. This delay, Scott contends, bolstered his charges of a continuing effort by law enforcement officials to intimidate him. The trial judge properly excluded such evidence as only marginally helpful to the appellant's defense and carrying substantial risk of prejudice.[2]

Neither the court's reconsideration and reversal of its previous order to suppress, nor the government's failure to make pretrial disclosure of a witness' statements, nor the court's exclusion of hearsay and potentially prejudicial testimony constituted reversible error.

The judgment is affirmed.

---

2. The district court concluded that questions concerning the delay in bringing the appellant before the magistrate would inevitably lead to an explanation by the government, including mention of the fact that the FBI had wished to interrogate the appellant regarding his black militant activities. The court reasoned that revelation of the appellant's connections with black activist organizations would be more prejudicial than the testimony relative to the lateness of his arraignment would be helpful.

Admissibility of evidence is a matter within the discretion of the trial court. See *United States v. Gonzales*, 5 Cir. 1972, 466 F.2d 1286, 1288; *United States v. Abshire*, 5 Cir. 1972, 471 F.2d 116, 118; *United States v. Fonseca*, 5 Cir. 1974, 490 F.2d 464, 469; *United States v. Squella-Avendano*, 5 Cir. 1973, 478 F.2d 433, 438-39. See also *Hamling v. United States*, 1974, 418 U.S. 87, 127, 94 S.Ct. 2887, 2912, 41 L.Ed.2d 590, 615.