**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred Lenn JONES, Defendant-Appellant.**

**No. 78–3390.**

United States Court of Appeals,
Ninth Circuit.

Dec. 27, 1979.

Rehearing Denied Feb. 13, 1980.

Peter N. Priamos, Los Angeles, Cal., Hugh R. Manes, Hollywood, Cal., for defendant-appellant.

Francis Diskin, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CARTER *, KILKENNY and SNEED, Circuit Judges.

SNEED, Circuit Judge:

Jones appeals from a three count conviction for (1) conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a) and 846; (2) distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (3) knowingly using a telephone to facilitate possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 843(b). Appellant challenges (1) the trial court's denial of defense counsel's discovery requests and motion for a continuance; (2) the suppression of a portion of a government witness's prior statement; (3) the existence of probable cause for the defendant's arrest; (4) the admissibility of a statement the defendant made to DEA agents following his arrest; (5) the sufficiency of the evidence to sustain the verdict with respect to Count III; and (6) the propriety of the jury instructions given on credibility of witnesses. We reject each challenge and affirm.

Jurisdiction is conferred upon this court by 28 U.S.C. § 1291.

## I.

## THE DENIAL OF DEFENSE MOTIONS FOR DISCOVERY AND MOTION FOR CONTINUANCE

█ The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, or *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Federal Rules of Criminal Procedure 16(a)(2) and (a)(3) exclude both "statements made by government witnesses or prospective government witnesses, except as provided in 18 U.S.C. § 3500 [Jencks Act]" and grand jury tran-

---

* Judge Carter concurred in the final disposition of this case prior to his death on November 18, 1979.

scripts from the category of evidence the defense is entitled to discover before trial. This limitation has also been extended to prohibit the pretrial disclosure of the identity of government witnesses in the absence of a showing of reasonable necessity by the defense. *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973).

Appellant's reliance on the Jencks Act as a pre-trial discovery tool is completely misplaced. Subsection (a) of the Act specifically provides that no statement of a government witness is discoverable until the witness has testified on direct examination.

*Brady* does not overcome the strictures of the Jencks Act. When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control. *United States v. Kaplan*, 554 F.2d 577 (3d Cir. 1977); *United States v. Scott*, 524 F.2d 465 (5th Cir. 1975). Moreover, the appellant is not entitled under *Brady* to the information requested. Although *Brady* established a prosecutorial due process obligation to disclose evidence favorable to the accused, the Supreme Court has held that the government's refusal to reveal the identity of an informant does not violate *Brady*. *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).[1]

■ Appellant's contention that the trial court's refusal to grant a continuance deprived defense counsel of sufficient time to digest the material received on the morning of trial in violation of his Fifth and Sixth Amendment rights fares no better. We have refused to find a violation of due process or the right to effective assistance of counsel where the government complied with the Jencks Act and defense counsel had time to read the documents prior to cross-examination. *United States v. Washabaugh*, 442 F.2d 1127 (9th Cir. 1971). The record establishes that the government met the requirements of the Jencks Act.

This is enough. Moreover, the disposition of a continuance motion is a matter for the trial judge which will be overturned on appeal only when there was an abuse of discretion. *United States v. Hoyos*, 573 F.2d 1111 (9th Cir. 1978); *United States v. Hernandez-Berceda*, 572 F.2d 680 (9th Cir. 1978). There was no abuse in this case.

## II.

## THE SUPPRESSION OF A PORTION OF GOVERNMENT WITNESS BURKE'S PRIOR STATEMENT

■ To understand appellant's contention under this heading, the relevant facts and trial court procedure with respect to the Burke statement should be set forth. The record reveals that subsequent to direct examination of Burke the prosecutor informed the trial judge, in the presence of defense counsel, that he possessed a documented interview of Burke conducted by DEA Agent Lucido on November 13, 1974. The prosecutor reported that during the interview Burke described narcotics distributors in the Los Angeles area and that the statement was devoid of any references to the defendant.

Defense counsel moved to be permitted to read the statement in its entirety. The court denied the motion but ordered production of the statement for *in camera* inspection and excision of unrelated portions. The court also gave defense counsel permission to cross-examine Burke regarding his failure to mention the appellant during the 1974 interview. During a break in this cross-examination, the court asked the government to read an unexcised portion of the statement to defense counsel. As this was done it became apparent that the statement in fact did include an indirect reference to appellant. Defense counsel utilized a verbatim transcript of this segment of

---

1. The Supreme Court narrowly interpreted *Brady's* due process requirements, stating, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one; as the Court wrote recently, 'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded . . . .' *Wardius v. Oregon*, 412 U.S. 470, 474, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973)." *Weatherford, supra*, 429 U.S. at p. 559, 97 S.Ct. at p. 846.

Burke's statement during continued cross-examination, and it subsequently was admitted into evidence.

Appellant objects to the trial court's excision of a portion of the Burke statement. This objection is based on the mistaken assumption that the defense was automatically entitled to production of the entire statement. The Jencks Act, however, only requires disclosure of statements related to the witness's direct testimony, 18 U.S.C. § 3500(b). *In camera* inspection and excision are procedurally sound methods for rendering appropriate material available to the defense. 18 U.S.C. § 3500(c); *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The record in the present case reveals that the trial judge explicitly stated that excised portions of the statement referred to other DEA narcotics investigations.

Appellant's argument that he was entitled to a transcript of the entire interview under *Brady* fares no better. *In camera* inspection and excision is a sound approach to a *Brady* inquiry. *See, Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968), *on remand*, 431 F.2d 70 (5th Cir. 1970). We hold that production of the unexcised portions of the Burke statement prior to the completion of cross-examination satisfied the Jencks Act and *Brady* requirements.

### III.

### THE LEGALITY OF THE DEFENDANT'S ARREST AND ADMISSIBILITY OF HIS SUBSEQUENT STATEMENT TO DEA AGENTS

■ Appellant focuses on the timing of his arrest in an attempt to refute the existence of probable cause. It is undisputed that the appellant and Sanders were stopped by DEA agents while driving away from the Sanders' residence subsequent to the issuance of a warrant for Sanders' arrest. Sanders was immediately arrested, handcuffed and ordered into the police vehicle. However, the parties offer conflicting versions of appellant's arrest. The government asserts that appellant was merely stopped on the road and voluntarily accepted the officers' invitation to accompany them to Sanders' residence. It appears that he was not handcuffed at this time.

Appellant claims that his arrest was completed either when he was detained on the road, or transported to Sanders' apartment, or immediately after Agent D'Ulisse arrived at the Sanders' residence, and no later than when D'Ulisse advised him of his *Miranda* rights and served him with a grand jury subpoena. At none of these times did probable cause exist asserts the appellant.

The government, however, contends that appellant was not arrested until a search of the apartment uncovered an ounce of heroin, half an ounce of cocaine, and a small quantity of diluted heroin in a bathroom adjoining Sanders' bedroom. The narcotics were wrapped in tissue which matched that contained in a living room dispenser. D'Ulisse testified that from this he inferred that a narcotics dilution demonstration had taken place in the living room. No narcotics or contraband were found in the bedroom occupied by appellant.

In addition to the discovery of the narcotics, the government lists the following factors to support the existence of probable cause to arrest at the time the narcotics were discovered: (1) D'Ulisse had received a report from Los Angeles Agent Lucido that a reliable informant stated "Sanders gets his heroin from a black man in California. The negro male took over his father's distribution organization." (2) D'Ulisse had knowledge of telephone toll records indicating repeated communication between appellant and Sanders. (3) Informant Lou Rogers, who was obtaining heroin from Sanders' coconspirators in cooperation with DEA agents, reported that 20–30 ounces of heroin was due to arrive in Seattle. D'Ulisse testified that the cumulative effect of this information prompted him to arrest appellant when the narcotics were discovered. At that time appellant was reapprised of his *Miranda* rights and strip-searched.

■ The trial judge accepted the government's version of the facts and concluded that the appellant was arrested at the

Sanders' residence with probable cause. This court must defer to the trial court's findings of fact unless clearly erroneous. *United States v. Cortez*, 595 F.2d 505 (9th Cir. 1979). So constrained we conclude that the appellant's arrest was supported by probable cause. The legality of Jones' arrest disposes of appellant's argument that the statement he made following his formal arrest is inadmissible under *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

## IV.

## THE SUFFICIENCY OF THE EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION FOR USE OF A TELEPHONE TO FACILITATE DISTRIBUTION OF NARCOTICS

■ Appellant was found guilty of violating 21 U.S.C. § 843(b), which provides: "It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter." Conceding there is evidence on the record that he instructed Zuniga to telephone certain Los Angeles numbers in order to intercept a narcotics shipment, appellant asserts his conviction cannot stand because he did not make the phone calls personally. We reject this argument. The statutory language provides a proper basis for holding the appellant in violation of its terms. Instructing another to use the telephone for the proscribed purpose amounts to a "use" by the instructor.

■ We also reject appellant's contention that proscribed purpose cannot be established because he issued the telephone instructions with the intention of returning a heroin shipment to Los Angeles. We find sufficient evidence on the record that appellant asked Zuniga to make the calls in order to protect his narcotics from government confiscation, and in this manner to facili-tate the distribution of heroin. The proscribed purpose was established.

## V.

## JURY INSTRUCTIONS ON WITNESS CREDIBILITY

■ The record shows that the trial judge gave cautionary jury instructions regarding the credibility of accomplices, government informants and witnesses with prior felony convictions. Appellant's dissatisfaction with isolated segments of the credibility instructions does not warrant a finding of prejudicial error.

Affirmed.