878 F.2d 387
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Junbeth ALTMAN, Defendant-Appellant.
 No. 85-1291.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 3, 1989.*
Decided June 27, 1989.
 Lloyd D. George, District Judge, Presiding.
 Before POOLE, REINHARDT, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Junbeth Altman appeals her conviction on criminal tax charges. She and her husband were charged with willfully failing to file 1980 and 1981 individual federal income tax returns and with willfully filing fraudulent refund claims for the years 1976 through 1979.
 
 
 3
 During the district court trial, her co-defendant husband, Harold Altman, made a motion in limine to exclude evidence of his invocation of the fifth amendment right against self-incrimination during an interview with IRS agent Fulwider. Junbeth Altman joined in the motion. At that point, the court recessed to allow the government and the co-defendants to agree on what statements should be allowed as evidence. Upon reconvening, the court instructed the government not to mention Harold Altman's fifth amendment claim during Harold's testimony. However, Junbeth Altman moved for admission of evidence of the fifth amendment claim to show that her participation was minimal. The motion was denied. A later motion by Junbeth Altman to admit the grand jury testimony of IRS agent Fulwider was also denied.
 
 
 4
 During the government's closing argument, defense counsel objected to a comment made by the prosecutor. The prosecutor said that "the Government does not prosecute cases that it does not believe--it doesn't submit to a grand jury for an indictment anything they believe that they can proven [sic] beyond a reasonable doubt." In response to this statement, the trial court said: "Let's move one [sic]," presumably "let's move on."
 
 
 5
 The jury found Junbeth Altman guilty on two counts of failing to file individual income tax returns, but could not decide on four counts of fraudulent claims for refunds. The court declared a mistrial as to those four counts. Altman timely appealed her convictions on the other counts.
 
 
 6
 During the pendency of this appeal, we remanded this case temporarily to the district court to hold an evidentiary hearing regarding the materiality of certain Jencks Act information. The district judge has made those findings and we now turn to the merits of Junbeth Altman's appeal.
 
 
 7
 * Appellant contends that the comment made by the prosecutor during his rebuttal closing argument improperly vouched for the government's case and thus denied appellant a fair trial. The standard of review for improper closing argument by the prosecutor is plain error and reversal is appropriate only if the argument was likely to have prejudiced the defendant. United States v. Feldman, 853 F.2d 648, 665 (9th Cir.1988) (citing United States v. Vacarro, 816 F.2d 443, 451 (9th Cir.), cert. denied, 108 S.Ct. 295 (1987)).
 
 
 8
 Appellant's vouching claim fails for several reasons. First, the record shows that the government's lawyer was responding to Junbeth Altman's attorney, Mr. Pike, who said he was upset that the government was bringing a case against her, who was merely being a loyal and trusting wife. In our view, the government's counsel was merely trying to balance the scales by claiming that it brought the action based upon valid evidence.
 
 
 9
 Second, even if this statement were taken at face value, appellant's claim fails. The court, after an objection by Pike, carefully instructed the jury that neither the indictment nor the arguments of counsel were evidence to be used in deciding the case. In light of this instruction and the brevity of the comment, we conclude that there was no plain error and, in any event, no prejudice.
 
 II
 
 10
 Appellant also contends that the failure of the government to provide requested reports and transcripts of grand jury testimony was a Jencks Act violation and constitutes reversible error. Jencks Act violations are reviewed for an abuse of discretion. Blackfoot Livestock Comm'n v. Dep't v. Agric., 810 F.2d 916, 923 (9th Cir.1987).
 
 
 11
 The government denies the applicability of the Jencks Act to the requests made by appellant. The Jencks Act provides in relevant part:
 
 
 12
 After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified....
 
 
 13
 18 U.S.C. Sec. 3500(b).
 
 
 14
 It is clear that the Jencks Act applies only to statements made by a government witness or prospective government witness. 18 U.S.C. Sec. 3500(a).
 
 
 15
 IRS agent Fulwider's testimony before the grand jury was arguably subject to the Jencks Act. The grand jury transcript containing his testimony was not produced until after Fulwider had testified on direct examination. However, the court granted appellant a 15-minute recess to allow counsel to review the summary transcript prior to cross-examination. This court has "refused to find a violation of due process ... where the government complied with the Jencks Act and defense counsel had time to read the documents prior to examination." United States v. Jones, 612 F.2d 453, 455 (9th Cir.1979), cert. denied, 445 U.S. 966 (1980) (citing United States v. Washabaugh, 442 F.2d 1127 (9th Cir.1971)). Appellant's counsel did not request more time. Because the grand jury transcript was only thirteen pages long and counsel had time to review it, there does not appear to have been any denial of fairness in the trial of appellant.
 
 
 16
 Altman sought the "rough" notes Fulwider took during a telephone conversation he had with Altman and those notes he took during an interview with the Altmans. Upon remand, the trial judge found that Fulwider is not even sure that he took notes during the phone conversation with Altman; if he had, he would have discarded the notes after incorporating them into a typewritten memorandum. A copy of the typewritten memorandum was in Altman's possession at the time of trial. Further, Altman's lawyer acknowledged that he received a copy of Fulwider's notes from the interview with the Altmans. We conclude there was no Jencks Act violation.
 
 III
 
 17
 Appellant claims that the record in her case shows no intent willfully to violate the tax laws and thus no rational jury could have found her guilty of willfully violating the tax laws.
 
 
 18
 The standard of review for assessing the sufficiency of the evidence is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Poschwatta, 829 F.2d 1477, 1481 (9th Cir.1987), cert. denied, 108 S.Ct. 1024 (1988) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 19
 For criminal tax offenses, willfulness means a "voluntary, intentional violation of a known legal duty." United States v. Pomponio, 429 U.S. 10, 12 (1976).
 
 
 20
 The record includes the following evidence against Altman: (1) prior filings of timely and valid income tax returns, thus indicating an awareness of her legal obligation to file, United States v. Buras, 633 F.2d 1356, 1359 (9th Cir.1980); (2) failure to file proper income tax returns for at least three subsequent consecutive years; (3) receipt of W-2 Forms disclosing reportable income; and (4) the filing of false exempt W-4 Forms.
 
 
 21
 On this evidence we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3