UNITED STATES, Plaintiff,

v.

Michael Ray SHIFFLETT, Joyce Elaine Morris, Raymond Eugene Sipe, William Allen Ryan, William Dale Ralston, Donald Millard Shifflett, Ernest Elwood Shifflett, Margaret Virginia Shifflett, Wendy Shifflett McAllister, Defendants.

Crim. A. No. 91–00033–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Aug. 24, 1992.

Jenny L.M. Waering, Asst. U.S. Atty., for plaintiff.

Frank A. Mika, Waynesboro, Va., Margaret Mcleod Caine, J. Lloyd Snook, III, Steven L. Raynor, Denise Lunsford, James P. Cox, III, Shannon Echols, Shannon Echols, Edward Hogshire, Charlottesville, Va., for defendants.

MEMORANDUM OPINION

MICHAEL, District Judge.

Nine defendants are charged with conspiracy to possess with intent to distribute and conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 841(b)(1)(D).

This court heard motions in this case on July 30, 1992 during which defendants Ernest Shifflett and Margaret Shifflett, pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requested production of the criminal records of prosecution witnesses,[1] and Defendants

---

1. Several other defendants also requested production of the criminal records of government witnesses, but the government complied with the request by turning over all records that it had in its possession. These two defendants,

Ernest Shifflett, Margaret Shifflett, Michael Shifflett, Joyce Morris, William Ralston and Donald Shifflett requested any exculpatory information contained in grand jury statements made by certain government agents. The government objected to producing any criminal records that it did not have in its possession, and it objected to producing the Grand Jury statements pursuant to the Jencks Act, 18 U.S.C. § 3500 (1985), as adopted in Fed.R.Crim.P. 26.2.[2]

This court holds that criminal records of government witnesses must be disclosed after each witness has testified on direct examination at trial, and any exculpatory portions of grand jury testimony of government witnesses that could potentially require investigation by the defense must be disclosed promptly upon demand.

## I.

■ This case presents the court with the familiar challenge of interpreting the scope of *Brady,* which states: "[T]he suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87, 83 S.Ct. at 1196–97. Evidence is material if there is a "reasonable probability" that the result of the proceeding would be different if the evidence is disclosed. *United States v. Russell,* 971 F.2d 1098, 1113 (4th Cir.1992) (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)).

■ Criminal records of witnesses are exculpatory material requiring disclosure pursuant to *Brady. See Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The question in this case, however, concerns when the criminal records must be disclosed. The defense contends that it should be provided this information immediately, however, the government would prefer to withhold it until after the witnesses have testified on direct examination at trial.

■ *Brady* is fulfilled when a disclosure of exculpatory material is made at a time such that it allows the defense to make effective use of the material at trial. *See United States v. Smith Grading & Paving, Inc.,* 760 F.2d 527, 532 (4th Cir.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 457 (1985). Furthermore, "disclosure to be effective must be made at a time when the disclosure would be of value to the accused." *United States v. Elmore,* 423 F.2d 775, 779 (4th Cir.1970).

■ The nature of the material sought suggests that the defense will be able to make effective use of the witnesses' criminal records as long as such records are available for cross-examination. The use of criminal records is limited to impeaching the witnesses' credibility. Analysis of the information contained in the records does not require a great deal of time. Criminal records also do not require depositions or other discovery for their effective use, so there is little reason to compel their disclosure before trial.[3] If a question is asked

---

however, have renewed their requests to include records not yet in the government's possession.

**2.** Fed.R.Crim.P. 26.2 states, in part:
    (a) **Motion for Production.** After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the government ... to produce, for the examination and the use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.
    . . . .
    (f) **Definition.** As used in this rule, a "statement" of a witness means:

    . . . .
    (3) a statement, however taken or recorded, or a transcription thereof, made by the witness to a grand jury.

**3.** Although the Defendants cite five cases to the court in support of their position, all of those cases either explicitly agree with this ruling or do not rule on the timing of the required disclosure. *See United States v. Strifler,* 851 F.2d 1197 (9th Cir.1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 228 (1989); *Carter v. Rafferty,* 826 F.2d 1299 (3rd Cir.1987); *United States v. Rinn,* 586 F.2d 113 (9th Cir.1978), *cert. denied,* 441 U.S. 931, 99 S.Ct. 2051, 60 L.Ed.2d 659 (1979); *United States v. Taylor,* 542 F.2d 1023 (8th Cir.1976), *cert. denied,* 429 U.S. 1074,

about a prior conviction, the defense attorney will instantly be able to refer to the records and, if necessary, impeach the witness' testimony. The purpose of the *Brady* rule "is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." *Bagley*, 473 U.S. at 675, 105 S.Ct. at 3380. Accordingly, the government need not disclose the criminal records of its witnesses to the defense until after the witnesses testify on direct examination at trial. If the government does not have in its possession the criminal records of any of its witnesses, it must obtain them before direct examination of those witnesses at trial. The slight burden imposed upon the government in obtaining before trial criminal records not yet in its possession is far outweighed by the defendants' constitutional right to examine potentially material evidence which may be useful or favorable to its case.

## II.

■ The defendants also assert that grand jury testimony containing exculpatory information made by government agents who are expected to testify at trial must be disclosed. This request implicates both *Brady*, requiring disclosure of exculpatory information in order to allow the defense to

make effective use of it at trial, and the Jencks Act, 18 U.S.C. § 3500, allowing statements made by testifying witnesses to be withheld until after they have testified on direct examination. This tension has caused a split in the federal circuits, and the Fourth Circuit has yet to decide the issue.[4] The matter, however, is now squarely before this court.

Although results have varied greatly among the circuits, a careful reading of caselaw reveals that the analysis applied is consistent.[5] A proper statement of this consensus is that:

> [A]pplication of a strict rule in this area would inevitably produce some situations in which late disclosure would emasculate the effects of *Brady* or other situations in which premature disclosure would unnecessarily encourage those dangers that militate against extensive discovery in criminal cases, e.g. potential for manufacture of evidence or bribing of witnesses. Courts can do little more in determining the proper time for disclosure than balance in each case the potential dangers of early discovery against the need that *Brady* purports to serve of avoiding wrongful convictions.

*United States v. Pollack*, 534 F.2d 964, 973–74 (D.C.Cir.1976), *cert. denied*, 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976).[6] The rationale that emerges, there-

---

97 S.Ct. 813, 50 L.Ed.2d 792 (1977); *United States v. Laurins*, 660 F.Supp. 1579 (N.D.Cal. 1987).

**4.** In 1979, the Fourth Circuit expressly denied reaching this issue. In *United States v. Klauber*, 611 F.2d 512 (4th Cir.1979), while ruling that the Jencks Act does not apply to statements made by persons not expected to testify as witnesses, the court stated: "Whether [the Jencks Act] would be a bar [to disclosure] up until the time when the witness had actually testified at trial if the government had proposed to call [him] as a witness, but the Grand Jury testimony of [the witness] contained material exculpatory of [the defendant], is a question we are not here called upon to address." *Klauber*, 611 F.2d at 515.

**5.** The exception to this is the Ninth Circuit, which has plainly held that when *Brady* and the Jencks Act are both implicated, "*Brady* does not overcome the strictures of the Jencks Act." *United States v. Jones*, 612 F.2d 453, 455 (9th Cir.1979).

**6.** *See also United States v. Perez*, 870 F.2d 1222, 1228 (7th Cir.), *cert. denied sub nom. Calderon–Abeja v. United States*, 493 U.S. 844, 110 S.Ct. 136, 107 L.Ed.2d 95 (1989) (defendant is not denied a fair trial if disclosure is made in time to enable him to make use of the information at trial); *United States v. Tarantino*, 846 F.2d 1384, 1414–15 n. 11 (D.C.Cir.1988) (Jencks Act limitations on discovery do not lessen the government's *Brady* obligations to disclose exculpatory material); *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir.1988) (material arguably covered by both the *Brady* rule and the Jencks Act need only be disclosed to the defense in time for its use at trial); *United States v. Starusko*, 729 F.2d 256, 263 (3rd Cir.1984) ("[C]ompliance with the statutory requirements of the Jencks Act does not necessarily satisfy the due process concerns of *Brady*."); *United States v. Campagnuolo*, 592 F.2d 852, 860 (5th Cir.1979) ("Our prior cases might be read as holding that *Brady* and the timing provisions of the Jencks Act are compatible as a matter of law. Alternatively, they might hold that *Brady* would over-

fore, is that the due process requirements of *Brady* must be met early enough to allow the defense to make effective use of the exculpatory statements at trial, while at the same time the dangers that the Jencks Act seeks to control must be minimized. Procedural rules of discovery become meaningless if the right of a criminal defendant effectively to confront the prosecution's evidence is lost in the process. "[T]he Jencks Act contemplates not only the furnishing of the statement of a witness but a reasonable opportunity to examine it and prepare for its use in the trial." *United States v. Holmes,* 722 F.2d 37, 40 (4th Cir.1983).

In this case, the dangers of early discovery appear to be minor. The witnesses whose Grand Jury statements are sought are government agents; therefore, they are not likely candidates for threats or bribery. Conversely, the defense's due process interest in obtaining any exculpatory information contained in the statements is important. The exculpatory information may require extensive investigation or it may lead the defense to other potential witnesses or defenses. The balance here seems to tilt heavily toward early disclosure. Where the right of a defendant effectively to prepare his case is at stake and there is little, if any, danger that the government's witnesses will be jeopardized, the guarantees of *Brady* must take precedence over the procedures of the Jencks Act.

The Supreme Court has held that upon a showing of "particularized need," the defense may have access to relevant portions of grand jury testimony of a trial witness while that witness is available for cross-examination. *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Unlike this case, the grand jury

testimony in *Dennis* was given seven years before the trial testimony, and the defense wished simply to compare the latter testimony with the much fresher grand jury testimony. *Id.* at 872, 86 S.Ct. at 1850. Here, the grand jury testimony at issue, once disclosed, may require investigation and preparation for effective use at trial by the defense. Although the information at issue in *Dennis* may have been used effectively under the *Dennis* facts even if disclosed just prior to cross-examination, the development of exculpatory information in this case may require more time.

Thus, the prosecutor shall promptly turn over to the defense any exculpatory information, and only exculpatory information, contained in the government agents' grand jury statements that may potentially require investigation by the defense in order to be used effectively at trial. If doubts exist as to whether any material is exculpatory, the prosecutor has an obligation to submit such material to the court for in camera inspection. *Holmes,* 722 F.2d at 41. In camera inspection is to be discouraged, however, and the prosecutor should first make every effort to comply in good faith without the court's assistance.

### III.

The spirit of *Brady* is fairness. A defendant is guaranteed the opportunity to inspect any exculpatory material such that he may make effective use of it at trial. The criminal records of the government's witnesses need not be disclosed until after they have testified on direct examination at trial, because such information does not require much time for investigation and preparation in order to be of value to the defense. Any exculpatory statements contained in the government agents' grand jury testimony, however, may require more

---

ride the Jencks Act [when they collide].... We need not choose between these competing approaches, however, because ... the appellees were not prejudiced by the allegedly tardy disclosure of [the witness'] grand jury testimony."); *United States v. Kaplan,* 554 F.2d 577 (3rd Cir. 1977) (it is sufficient for the district court to wait until trial to order production of exculpato-

ry evidence as long as the defense is not prejudiced, but "we disapprove and discourage a practice of delayed production."). *But see United States v. Scott,* 524 F.2d 465, 467 (5th Cir. 1975) ("[T]he rule announced in *Brady* is not a pretrial remedy and was not intended to override the mandate of the Jencks Act.").

**358**

extensive preparation to be used effectively at trial, and therefore if they require investigation by the defense, they should be disclosed promptly. "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady*, 373 U.S. at 87, 83 S.Ct. at 1197.

An appropriate Order will this day issue.

## ORDER

For the reasons announced in a memorandum opinion this day entered, it is

## ADJUDGED AND ORDERED

1. The requests of Defendants Ernest Shifflett and Margaret Shifflett for production of the criminal records of prosecution witnesses pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), made in open court shall be, and they hereby are, granted. The criminal records of each witness shall be produced by the government after that witness has testified on direct examination at trial.

2. The motions of Defendants Ernest Shifflett, Margaret Shifflett, Michael Shifflett, Joyce Morris, William Ralston and Donald Shifflett made in open court for production of exculpatory information contained in the grand jury testimony of government agents shall be, and they hereby are, granted. Any exculpatory information contained in the agents' grand jury testimony shall be produced promptly to the defense.