[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10877
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 5, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00262-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL CORNELIUS YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 5, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

This is Wendell Cornelius Young's second appeal from his conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). In his first appeal, Young argued that the district court abused its discretion by denying his pretrial motion to compel the government to reveal the identity of a confidential informant. We remanded the case for an in camera hearing so the district judge could question the informant to determine whether his or her testimony might be of assistance to Young's mistaken identity defense. See United States v. Young, 161 Fed. App'x 922 (11th Cir. 2006) (unpublished). On remand, the district court first vacated Young's conviction and sentence because the informant could not be found. After the government located the informant and the district court held two in camera hearings, in which it determined that the informant's testimony would not substantially assist Young, the district court vacated its original order vacating Young's conviction and reimposed the conviction and sentence.

In this appeal, Young argues that the district court's original order vacating his conviction became final when the government failed to appeal the order within the proscribed time limit, and thus, that order was the law of the case and could not be set aside. He further argues that the reimposition of his conviction constitutes double jeopardy, a due process violation, and a Sixth Amendment violation of his

right to a jury trial. After thorough review of the record, we affirm the district court's order reimposing Young's original conviction and sentence.

We first resolve whether the district court had subject matter jurisdiction to issue an order vacating the conviction. "[S]ubject-matter jurisdiction . . . can never be forfeited or waived and [c]onsequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." United States v. Machado, 465 F.3d 1301, 1306 (11th Cir. 2006) (quotations omitted). Although a district court is divested of jurisdiction when a party files a notice of appeal, the district court re-acquires jurisdiction over the case once a mandate remanding the case to the district court issues. United States v. Sears, 411 F.3d 1240, 1241-42 (11th Cir. 2005). However, a district court's assertion of jurisdiction over matters outside the scope of a mandate constitutes an abuse of discretion. United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). Whether the district court violated our mandate is a question of law reviewed de novo. Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp., 943 F.2d 1511, 1517 (11th Cir. 1991).

"If the appeals court issues a specific mandate, the district court must obey: the mandate is not subject to interpretation." United States v. Mesa, 247 F.3d 1165, 1170 (11th Cir. 2001). Under this limited role, the district court

3

may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces. Although the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal, it is bound to follow the appellate court's holdings, both expressed and implied.

Pelletier v. Zweifel, 987 F.2d 716, 718 (11th Cir. 1993) (quotations omitted). In Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506 (11th Cir. 1987) (en banc), "we recognize[d] that there are cases wherein a seemingly specific mandate such as an order for a new trial may wind up with a different result on remand." Id. at 1512.

Here, this Court issued a specific mandate on remand for the district court to conduct an in camera hearing to assess the informant's testimony. Young, 161 F. App'x at 923. We directed that "[i]f the district court decides that the informant's testimony would materially support Young's proposed misidentification defense, then his conviction should be vacated and he should be granted a new trial." Id. However, on remand, the district court was presented with a factual scenario not contemplated by this Court, namely, the government's inability to produce the informant for the hearing. We find that by assuming the informant's identity should have been revealed and then vacating the conviction when the government could not produce the informant, the district court embraced the spirit of our mandate and provided the necessary protection of Young's right to prepare his

4

defense even though it could not comply with the letter of the mandate. See Litman, 825 F.2d at 1512 (recognizing that an order appearing to go beyond a limited remand may be upheld if "when viewed in its totality, [it] supports the alternative disposition"). Accordingly, the district court did not exceed the scope of the mandate, and, thus, had jurisdiction to vacate Young's conviction.

We now turn to Young's argument that the district court's original order vacating his conviction was law of the case, and that the district court did not have the jurisdiction or authority to later reimpose Young's conviction rather than proceed with a new trial. "The subject matter jurisdiction of the district court is a question of law and, therefore, subject to de novo review." United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).[1] Furthermore, we review the application of the law of the case doctrine de novo. Transamerica Leasing, Inc. v. Institute of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005). The district court's decision to reconsider its earlier ruling on a motion is reviewed for an abuse of discretion. See United States v. Scott, 524 F.2d 465, 467 (5th Cir. 1975).[2]

---

[1] Because "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court[,]" Machado, 465 F.3d at 1306, and accordingly, we have applied de novo review, we need not, and do not, reach Young's alternative argument, which he terms a "caveat," concerning preservation and effective assistance of counsel.

[2] See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit, all decisions of the former Fifth Circuit announced prior to October 1, 1981).

5

Under the law of the case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). As long as the district court retains jurisdiction over a case, previous rulings may be reconsidered. Vintilla v. United States, 931 F.2d 1444, 1447 (11th Cir. 1991). If a district court decision is interlocutory and subject to reconsideration, any constraints of the law of the case doctrine are inapplicable. Gregg v. U.S. Indus., Inc., 715 F.2d 1522, 1530 (11th Cir. 1983).

Thus, in Scott, we held that where "[t]he district court had continuing jurisdiction over the [criminal] case[, it] was free to reconsider its own earlier decision" and the government's statutory right to appeal such order was not an exclusive remedy. 524 F.2d at 467 (holding that the district court was authorized to reconsider its decision granting a motion to suppress after carefully reading the suppression hearing transcript that was not available at the time of its first ruling). And in United States v. Spiegel, 604 F.2d 961 (5th Cir. 1979), the Court held that the district court had jurisdiction to reconsider its motion granting a new trial, relying, in part, on the fact that the district court issued the order prior to entering a judgment of conviction and that the government's motion for reconsideration was timely. Id. at 971-72.

Here, when the district court entered the order vacating Young's conviction, it still had jurisdiction over the criminal proceeding. Indeed, the order vacating the conviction amounted to the grant of a "new trial," even though the district court did not use those specific words. Our ruling in the first appeal directed the district court on remand to either vacate the conviction and grant a new trial, or refuse to grant a new trial. Young, 161 F. App'x at 923. On remand, the district court vacated the conviction and held that the defendant was to "remain in custody pending further proceedings in this matter." Thus, the district court essentially granted a new trial, and as such, the order vacating the conviction was not a final order. See United States v. Martinez, 763 F.2d 1297, 1311 (11th Cir. 1985) (holding that a new trial order is not a final order, whereas a judgment of acquittal is; a judgment of acquittal "terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined") (citations omitted). Because the order vacating the conviction was not final, the law-of-the-case doctrine was inapplicable to the district court's later order reimposing his conviction. See Gregg, 715 F.2d at 1530.

Next, we address Young's argument that the reimposition of his conviction constitutes double jeopardy, a due process violation, and a Sixth Amendment violation of his right to a jury trial. We review any possible violation of the

7

Double Jeopardy Clause de novo. United States v. Thurston, 362 F.3d 1319, 1322 (11th Cir. 2004). The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. Serfass v. United States, 420 U.S. 377, 388 (1975). In United States v. Spinella, 506 F.2d 426 (5th Cir. 1975), the former Fifth Circuit held that the district court could not reimpose a judgment of conviction, but there, the second trial had commenced and jeopardy had attached by the time the district court reimposed the judgment of conviction. Id. at 430.

As the district court had jurisdiction to reinstate Young's conviction, his due process and right to a jury trial claims are meritless because Young received due process and a jury trial before the district court originally imposed a judgment of conviction. Likewise, following the district court's vacatur and before its reinstatement of Young's conviction, jeopardy had not attached because a second jury had not been empaneled and sworn. See Spiegel, 604 F.2d at 971; Spinella, 506 F.2d at 430. Accordingly, we affirm the district court's order reimposing Young's conviction and sentence.

**AFFIRMED.**