**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10439 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-02486-DCB-DTF-4 |
| v. | |
| LUIS CARLOS VASQUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, Senior District Judge, Presiding

Argued and Submitted September 13, 2016
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and TUNHEIM,** Chief District
Judge.

Defendant Luis Carlos Vasquez appeals his convictions following a jury trial

for conspiring to possess marijuana with intent to distribute, possessing marijuana

with intent to distribute, conspiring to import marijuana, and importing marijuana,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

under 21 U.S.C. §§ 841, 846, 960, 963. We have jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, we affirm the conviction, but vacate the sentence, and remand for resentencing without the weapon enhancement.

## I.

As a preliminary matter, we deny the government's motion to supplement the record on appeal to include cover letters, a memorandum submitted in-camera, and an email between the parties. The government argues that these documents are necessary to complete the factual record of communications between the parties. Under Federal Rule of Appellate Procedure 10(e)(2), the record may be supplemented by material that "is omitted from or misstated in the record by error or accident." The cover letters and communications between the parties were never a part of the record before the district court, and thus do not fall within the confines of this rule. No extraordinary circumstances counsel in favor of expanding the record for any other reason here. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

## II.

We review Vasquez's challenge to the government's decision not to call co-defendant Victor Stuppi as a witness for plain error because Vasquez did not object at trial. *See United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir. 2000).

"Reversal on this basis is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *Id.* (quoting *United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir. 1999), *amended by* 197 F.3d 959 (9th Cir. 1999)).

Vasquez provides no case law suggesting that the government commits misconduct by failing to call a witness on its witness list. To the contrary, criminal defendants have no right to pretrial disclosure of government witnesses, *see Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Jones*, 612 F.2d 453, 454 (9th Cir. 1979); it follows then that when the government opts to disclose a witness list, it is not required to call all witnesses on the list. Additionally, Vasquez has not shown that the government's decision not to call Stuppi materially affected the fairness of his trial because he could have called Stuppi himself, but he chose not to. Thus, the government's decision not to call Stuppi was not misconduct materially affecting the fairness of Vasquez's trial.

Furthermore, the decision not to call Stuppi was not suppression of exculpatory evidence or witnesses under *Brady*[1] or *Giglio*[2] because the government's decision not to call a witness is not "suppression" of evidence. *See*

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

*United States v. Bond*, 552 F.3d 1092, 1097 (9th Cir. 2009) (rejecting argument that the government "suppressed" evidence by failing to call a witness favorable to the defendant because the defendant was aware of the witness and could have called the witness himself, and the government's decision not to call the witness was trial strategy).

## III.

We review the district court's discovery ruling and denial of Vasquez's motion to continue for abuse of discretion. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011) (denial of motion to continue); *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (discovery ruling). To the extent Vasquez argues that the government's actions amounted to prosecutorial misconduct, he must show he was denied a fair trial. *United States v. Christophe*, 833 F.2d 1296, 1300-01 (9th Cir. 1987). "[R]eversal is warranted only if it is more probable than not that the misconduct materially affected the verdict." *Id.* (citations omitted).

Vasquez's challenges based on delayed discovery or disclosure fail because Vasquez has not demonstrated an essential element of a *Brady* violation— suppression of exculpatory or impeaching evidence. *See United States v. Olsen*, 704 F.3d 1172, 1181 (9th Cir. 2013). While the government disclosed some information shortly before the second trial, the government disclosed much of the

4

same evidence prior to the first trial, and there is no indication that the government had the newer information for any significant period of time before disclosing it. Nor is there any indication that Vasquez was unable to use any of the information at trial. *See United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995) (finding no *Brady* violation where late-disclosed information was still used during cross-examination, and thus, "[t]he government disclosed the information at a time when it was of value to [the defendant]"); *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) (finding no *Brady* violation where the defense received the documents during the trial with enough time to make use of them, including the opportunity to recall witnesses).

Furthermore, reversal is warranted only if a *Brady* or Rule 16 violation resulted in prejudice, and Vasquez has shown none here. *See Olsen*, 704 F.3d at 1181 (*Brady* violation); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997) (Rule 16 violation).

IV.

We review the district court's decision to admit co-defendant Karla Prieto's testimony regarding Juan Tiznado's statement under the coconspirator hearsay exclusion for abuse of discretion and the district court's underlying determinations that the statement was made during and in furtherance of the conspiracy for clear

5

error. *See United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007). Under Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy."

The district court did not err in finding the statement occurred during the conspiracy because evidence suggested that the conspiracy dated back to before the 2011 statement, with border crossings occurring as early as 2010. It is less clear, however, that the statement was made in furtherance of the conspiracy. At the time of the statement, Prieto was already a member of the conspiracy. Prieto testified that she felt more secure knowing that someone at the border was working with the members of the conspiracy, but there is no indication that Tiznado, Prieto's boyfriend and coconspirator, made the statement for that particular purpose. *See United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993) ("In determining whether a statement is made 'in furtherance of' a conspiracy, the court looks to the declarant's intent in making the statement, not the actual effect of the statement." (citation omitted)).

Even if the district court clearly erred in finding the statement was made in furtherance of the conspiracy, however, the error is "harmless 'unless we have grave doubt whether the erroneously admitted evidence substantially affected the verdict.'" *United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir. 2004) (quoting

6

*United States v. Ellis*, 147 F.3d 1131, 1134 (9th Cir. 1998)). Even without testifying about Tiznado's statement, Prieto could have testified that she knew that someone was working with the conspiracy at the border, and that she saw Tiznado smiling or nodding at Vasquez in greeting, which likely would have conveyed a similar message. Additionally, the defense introduced significant impeachment evidence regarding Prieto, which may have lessened the impact of her testimony as a whole. Thus, any error in admitting Prieto's testimony regarding Tiznado's statement was harmless because it did not substantially affect the verdict.

V.

Because Vasquez's counsel failed to object, we must determine whether the prosecutor's vouching comments during closing arguments amounted to plain error. *United States v. Smith*, 962 F.2d 923, 933 (9th Cir. 1992). We find that the prosecutor engaged in improper vouching during closing arguments by encouraging the jury to consider during their deliberations whether the prosecutor would have suborned perjury, which he stated was a federal crime that could result in jail time. *See United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir. 2005) (finding that the prosecutor improperly vouched by stating that the police officer witnesses would risk losing their pension and livelihood, and could face perjury charges if they lied because it "urged that the existence of legal and

7

professional repercussions served to ensure the credibility of the officers' testimony"); *Smith*, 962 F.2d at 933-35 (finding improper vouching where "[t]he cumulative effect of [the prosecutor's] statements was to submit the prosecutor's personal conviction of [the defendant's] guilt, together with the government's as a whole, as factors for the jury to consider in its deliberations along with the actual evidence").

In light of defense counsel's strong suggestion during closing arguments that the government suborned perjury, however, the prosecutor's vouching did not implicate the fundamental fairness of the trial, and therefore, it was not reversible plain error. *See United States v. Young*, 470 U.S. 1, 11-16 (1985) (concluding that vouching that is an "invited response" and does no more than "right the scale," when considered in context, does not amount to reversible plain error). Additionally, the vouching statement did not implicate the fundamental fairness of the trial in light of the defense counsel's impeachment evidence regarding Prieto, the district court's general jury instructions about attorney arguments not being evidence, and the significant circumstantial evidence of Vasquez's guilt. *See United States v. Necoechea*, 986 F.2d 1273, 1280-81 (9th Cir. 1993) (finding no reversible plain error where there was a general jury instruction that attorneys' arguments were not evidence, the witness's "credibility was forcefully challenged

at trial," and there was "significant circumstantial evidence connecting" the defendant with the crime).

## VI.

Cumulatively, the above-discussed errors are not sufficiently prejudicial to require reversal. "[W]hile a defendant is entitled to a fair trial, he is not entitled to a perfect trial, 'for there are no perfect trials.'" *United States v. Payne*, 944 F.2d 1458, 1477 (9th Cir. 1991) (quoting *Brown v. United States*, 411 U.S. 223, 231-32 (1973)). There is significant circumstantial evidence that Vasquez was involved in the drug conspiracy, and he has not shown how any of these alleged errors, individually or cumulatively, could have changed the verdict in this case.

## VII.

The district court's factual finding supporting a 2-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 is reviewed for clear error. *See United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002). To support an obstruction of justice sentencing enhancement the district court must make three findings: "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) (quoting *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008)). Here, the district court found that Vasquez committed perjury when he testified at both of his

trials, and the court made all three necessary findings, stating "that [Vasquez's] testimony was false, that it was material to the issues, [and] that it was willful." Contrary to Vasquez's contention, none of the cases cited require that the district court identify specific instances of false testimony. *See id.*; *United States v. Acuna*, 9 F.3d 1442, 1445 (9th Cir. 1993) ("[A] district court is not required to enumerate specifically which portions of a defendant's testimony are false to justify an enhancement for obstruction of justice." (citation omitted)). Thus, the district court did not clearly err in applying a sentencing enhancement for obstruction of justice because it made all three required findings.

VIII.

Because Vasquez did not object to the imposition of a weapons enhancement under U.S.S.G. § 2D1.1(b)(1), we review for plain error. *See United States v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011). Because Vasquez possessed a weapon during the crime due to his position as a Customs and Border Patrol Officer, the enhancement applies "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, n.11(A) (2012). The district court recognized that the weapon was not connected to the offense when denying the probation officer's recommendation to apply the weapons enhancement with

10

regard to Vasquez's coconspirators, but applied the sentencing enhancement without explanation during Vasquez's sentencing hearing.

Applying the weapons enhancement for possession of a service weapon during the commission of a crime may be warranted where the weapon provided additional security or where there was some likelihood that the weapon would be used during the offense. *See, e.g., United States v. Marmolejo*, 106 F.3d 1213, 1216 (5th Cir. 1997) (applying the weapons enhancement where armed INS officer transported drugs, acting as an "armed guard"); *United States v. Ruiz*, 905 F.2d 499, 507-08 (1st Cir. 1990) (applying the weapons enhancement where a police officer's service weapon "instilled confidence in those who relied upon him for protection in exchange for drugs, and fear in those who dealt with his suppliers").

Here, however, Vasquez's involvement in the offense was limited to allowing vehicles to pass through his checkpoint without searching for contraband; there is no indication that the presence of Vasquez's weapon had any impact on the offense or that Vasquez presented a risk of using the weapon in connection with the offense of conviction under any circumstances. Thus, the district court plainly erred in imposing the 2-level weapons enhancement. We vacate Vasquez's sentence and remand for resentencing without the enhancement.

IX.

Sentencing reductions due to reduced base offense levels for drug offenses after Amendment 782 are typically sought by bringing a petition under 18 U.S.C. § 3582(c)(2), rather than by remand after direct appeal. *See United States v. Boykin*, 785 F.3d 1352, 1364 n.9 (9th Cir. 2015). Because remand is warranted on another ground, however, the district court may consider any change in base offense level due to Amendment 782 at Vasquez's resentencing.

## X.

This is not an "unusual case[]" that satisfies one of the "extraordinary exceptions" to the typical procedure that claims of ineffective assistance of counsel are raised in collateral proceedings rather than direct appeal, *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc), and thus, we will decline to hear Vasquez's ineffective assistance of counsel claims.

**AFFIRMED in part; VACATED in part; and REMANDED for resentencing.**